IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| FREDDIE J. WELLS,          ) | |
|        ) | C/A No. 4:05-2321-HMH-TER |
|        Plaintiff,    ) | |
|        ) | |
| vs.        ) | |
|        ) | REPORT AND RECOMMENDATION |
| THE SOUTH CAROLINA        ) | |
| DEPARTMENT OF CORRECTIONS;        ) | |
| ANTHONY PADULA, WARDEN OF        ) | |
| LEE C.I. AND WILLIE L. EAGLETON,        ) | |
| WARDEN OF EVANS C.I.,        ) | |
|        ) | |
|        Defendants.    ) | |
|        ) | |

## I.  PROCEDURAL BACKGROUND

The plaintiff, Freddie J. Wells ("plaintiff/W0ells"), filed this action under 42 U.S.C. § 1983[1]

on August 31, 2005.  At all times relevant to the allegations in the plaintiff's complaint, he was an

inmate with the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges that his

constitutional rights were violated when defendants denied him access to the courts which caused

him to file an untimely Notice of Appeal in a previous action, leading to the dismissal of his Petition.

On June 28, 2006, the defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure and an alternative motion for summary judgment pursuant to Rule

56 of the Federal Rules of Civil Procedure along with a memorandum in support of that motion.

(Doc. #15).  Because the plaintiff is proceeding pro se, he was advised on or about July 5, 2006,

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the
provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because
this is a dispositive motion, the report and recommendation is entered for review by the District
Judge.

Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint. The plaintiff filed a response in opposition on August 7, 2006.

## II.  DISCUSSION
### A.   FACTUAL ALLEGATIONS

As stated above, plaintiff filed this action alleging violations of his constitutional rights. On October 25, 2002, plaintiff pleaded guilty before the Florence County Court of General Sessions on a charge of "Felony DUI resulting in Death." Plaintiff was sentenced to five years' imprisonment. While incarcerated, plaintiff filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. §2254, C/A No. 4:04-22358-20BH. The undersigned issued a report and recommendation recommending that the petition be dismissed without prejudice and without issuance and service of process. Plaintiff filed objections to the report and recommendation with the district judge. On November 18, 2006, the district judge ordered that the petition be dismissed in that petitioner failed to meet his burden of proving he had exhausted his state court remedies.  Wells did not file a Notice of Appeal with the Fourth Circuit Court of Appeals until January 26, 2005. On April 4, 2005, the United States Court of Appeals for the Fourth Circuit dismissed the appeal for lack of jurisdiction because the notice of appeal was not timely filed. Plaintiff filed a petition for rehearing asserting that he was denied access to courts while at Evans Correctional Institution ("ECI") due to the lockdown causing him to file an untimely appeal in case number 04-22358/No. 05-6148, to the United States Court of Appeals for the Fourth Circuit. Plaintiff argued that the notice of appeal was not timely due to circumstances beyond his control and the delay should be waived due to the circumstances. The

2

motion for re-hearing was denied by the Fourth Circuit on May 20, 2005. Plaintiff then filed motions

for clarification on the denial of the petition for rehearing which were denied on January 31, 2006.

## B.  STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to

fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v.

Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function

is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The

requirement of liberal construction does not mean that the court can ignore a clear failure in the

pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services,

901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material

fact where none exists.  If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the

moving party makes this showing, however, the opposing party must respond to the motion with

"specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on

the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S.

317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both

parties have had ample opportunity to explore the merits of their cases and examination of the case

makes it clear that one party has failed to establish the existence of an essential element in the case,

on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the

movant can show a complete failure of proof concerning an essential element of the non-moving

party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the <u>Celotex</u> case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. <u>Celotex</u>, 477 U.S. at 322-323.

## C. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants filed a motion to dismiss or in the alternative for summary judgment. Plaintiff argues in his response in opposition that matters outside of the pleadings were submitted so that the motion should be treated as one for summary judgment. The undersigned agrees and is treating the motion as one for summary judgment.

Defendants argue that plaintiff is collaterally estopped from filing a lawsuit seeking to relitigate an issue previously raised in plaintiff's motion for rehearing in the Fourth Circuit Court of Appeals. Defendants assert that plaintiff has previously argued to the U.S. Fourth Circuit Appeals Court that the SCDC prevented him from filing a timely notice of appeal, which was denied. In the motion for rehearing, plaintiff asserted that the untimely appeal was beyond his control in that it was caused by an agency of the defendants, the South Carolina Department of Corrections who violated his right to access legal material.[2] Thus, defendants argue that plaintiff's current lawsuit seeks to relitigate issues raised on appeal to the Fourth Circuit and should be dismissed on the basis of collateral estoppel.

Plaintiff filed a response in opposition arguing that "The plaintiff didn't file in this present

---

[2] Defendants assert that plaintiff's subsequent petition for certiorari to the United States Supreme Court was also denied.

4

case for a rehearing in case #05-6148 but the case was introduced to show the court the cause of the

dismissal and who caused it: by violating the plaintiff First and Fourteenth Amendment in a proper

redress to the courts and the due process clause." (Plaintiff's response).

The Fourth Circuit held the following with relation to collateral estoppel in the case of Malm

v. Gonzales, 151 Fed. Appx. 252 (4th Cir. 2005):

> Collateral estoppel, or issue preclusion, bars subsequent litigation of
> legal and factual issues common to an earlier action that were
> "actually and necessarily determined" in the first litigation. Montana
> v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210
> (1979); Combs v. Richardson, 838 F.2d 112, 114 (4th Cir.1988).
> Thus, "[c]ollateral estoppel forecloses the relitigation of issues of fact
> or law that are identical to issues which have been actually
> determined and necessarily decided in prior litigation in which the
> party against whom [collateral estoppel] is asserted had a full and fair
> opportunity to litigate." Sedlack v. Braswell Servs. Group, Inc., 134
> F.3d 219, 224 (4th Cir.1998) (internal quotation marks omitted). To
> apply collateral estoppel or issue preclusion to an issue or fact, the
> proponent must demonstrate that (1) the issue or fact is identical to
> the one previously litigated; (2) the issue or fact was actually resolved
> in the prior proceeding; (3) the issue or fact was critical and necessary
> to the judgment in the prior proceeding; (4) the judgment in the prior
> proceeding is final and valid; and (5) the party to be foreclosed by the
> prior resolution of the issue or fact had a full and fair opportunity to
> litigate the issue or fact in the prior proceeding. *See id.*
>
> A related doctrine is that of claim preclusion, also referred to as res
> judicata. Claim preclusion provides that if a claim arises from the
> same cause of action as a claim already litigated, then the judgment
> in the first action bars litigation of the second claim. See Nevada v.
> United States, 463 U.S. 110, 129-30, 103 S.Ct. 2906, 77 L.Ed.2d 509
> (1983). Thus, "[a] final judgment on the merits of an action precludes
> the parties or their privies from relitigating issues that were or could
> have been raised in that action. Federated Dep't Stores, Inc. v. Moitie,
> 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). For claim
> preclusion to apply, there must be: (1) a final judgment on the merits
> in a prior suit; (2) an identity of the cause of action in both the earlier
> and the later suit; and (3) an identity of parties or their privies in the
> two suits. See **Nash County Bd. of Educ. v. Biltmore Co., 640 F.2d**

5

**484, 486 (4th Cir.1981)**.

The undersigned concludes that collateral estoppel would not bar plaintiff's §1983 suit based on a constitutional violation of his right to access the courts and receive legal mail under the Fourteenth Amendment/Due Process Clause. These issues were not litigated in the Fourth Circuit. When plaintiff's notice of appeal was dismissed as untimely, plaintiff filed a petition for re-hearing stating that the untimeliness should be waived because the delay was out of his control due to the lockdown at ECI. This issue of constitutional violations due to denial of access to courts was not identical to the issue in the Fourth Circuit Court of Appeals. The issue of whether or not plaintiff's constitutional rights were violated was not actually resolved in the Fourth Circuit, and plaintiff did not have a full and fair opportunity to litigate this issue in the Fourth Circuit because the issue was not before the Court. Plaintiff merely cited the lockdown and the inability to get legal mail out or in as a reason to overcome the untimely filing of his appeal from the dismissal of his petition based on good cause and/or excusable neglect. Plaintiff is not attempting to have a rehearing in his appeal in case #05-6148 by the Fourth Circuit.  Therefore, collateral estoppel or issue preclusion cannot be applied to bar this action. As this is the only argument set forth by defendants in their motion for summary judgment, it is recommended that the motion for summary judgment filed by defendants be denied.

### III.  CONCLUSION

Based on the above reasoning, it is RECOMMENDED that defendants' motion for summary judgment based on collateral estoppel (document # 15) be DENIED.

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 6, 2006
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**